**HALL & EVANS, LLC**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
AARON D. CUELLAR
Nevada Bar No. 16835
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK JOSEPH PERONE, an individual, | CASE NO.:  2:25-CV-00322-RFB-EJY |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| DOLLAR TREE STORES, INC., a foreign corporation; DOE EMPLOYEE, individually; DOE MANAGER, individually DOES I – XX, inclusive; and ROE CORPORATION I – XX, inclusive, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this action, Plaintiff, FRANK JOSEPH PERONE, and Defendant, DOLLAR TREE STORES, INC., by and through their respective counsel of record, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1. The Protective Order shall be entered pursuant to ***the Federal Rules of Civil Procedure***.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties;

compensation of Defendant's current or former personnel; policies, procedures, and/or training materials of Defendant and/or Defendant's organizational structure;

  b) Any documents from the personnel, medical, or workers' compensation file of any current or former employee or contractor;

  c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

  d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

 3. In designating information as Confidential Information, a designating party shall make such designation only as to materials or content that it in good faith believes are confidential.

 4. If a party other than the designating party believes that a designating party has produced a document that contains or constitutes Confidential Information of the non-designating party, the non-designating party may designate the document as Confidential Information by notifying all parties in writing within fourteen (14) days of service of the document.

 5. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made as follows:

  a) In the case of interrogatory answers and responses to requests to admit, designation shall be made by including "Confidential Information" within the interrogatory answer or response sought to be protected.

  b) In the case of documents provided in response to document requests, and the information contained therein, designation shall be made by placing the "CONFIDENTIAL MATERIAL" on the page(s) of such documents containing protected information prior to production. This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies.

c) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose Confidential Information the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen (14) days, the entire deposition transcript, including exhibits, shall be deemed Confidential Information. However, documents produced prior to the deposition shall not be considered Confidential Information, unless properly designated as Confidential Information in accordance with this order.

d) Any Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disk, or an electronic file) may be designated as such by labeling the outside of such non-paper media or an electronic file as Confidential Information and providing a list designating the Confidential Information contained therein.

6. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

7. Qualified recipients shall include only the following:

a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

b) Deposition notaries and staff;

c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness, consultant or their staff who are consulted for a party in this litigation;

d) Outside data processing companies or individuals engaged by a party or its counsel to assist in this litigation;

e) Outside vendors employed by counsel for copying, scanning and general handling of documents;

f) Deponents during the course of their depositions or potential witnesses of this case;

g) The parties to this litigation, their officers and professional employees; and

h) The Court and this Court's staff, subject to the Court's processes for filing materials under seal.

8. **All Documents submitted to the Court that attach, quote from, or otherwise reveal Confidential materials or information shall be electronically filed under seal with reference to this Protective Order to ensure that the Documents are protected as set forth in this Protective Order. Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.** *See Kamakana v. City & Cty. of Honolulu*, **447 F.3d 1172 (9th Cir. 2006);** *Pintos v. Pac. Creditors Ass'n*, **605 F.3d 665, 677-78 (9th Cir. 2010). If the filing party of Confidential Materials is not the Designating Party, then the filing party need only note in their motion that the material has been designated Confidential by another party; the Designating Party shall then carry the burden to overcome the presumption in favor of public access to papers filed in court, and must file a declaration and may file a brief in support of maintaining the seal within 14 days. The filing party may respond within 7 days. A party that expects to file Confidential Material is encouraged to notify a Designating Party, as well as all other**

**Parties, reasonably in advance of such filing to determine if the Designating Party and other Parties will consent to filing such material without sealing in order to minimize the burdens associated with unnecessary sealing motions; however, failure to provide such advanced notice does not preclude a party from submitting such material provisionally under seal in connection with a filing**.

9. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order. Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information. Each individual who receives any Confidential Information hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Agreement. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) business days after the designating party is served with said written notice.  However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal, the party challenging the designation may request a motion to resolve the matter.  The burden of proving that information has been properly designated as Confidential Information is on the party making such designation.

KRB/20065-17

10. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

11. Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a request that all copies of the document or information be returned or destroyed. The receiving party shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately marked replacement documents.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

13. All provisions of this Order restricting the use of Confidential Materials shall continue to be binding after the conclusion of this litigation unless otherwise agreed or ordered. However, the dismissal of this action will terminate the jurisdiction of this Court, including over this Order. Within sixty (60) days of the final termination of the above-entitled action, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all documents and information designated as CONFIDENTIAL by a Designating Party and which has not been challenged, including any copies, or documents containing information taken therefrom, shall be returned to the Designating Party. In the alternative, within (60) days of the final termination of this case, which would either be a final judgment on all claims or stipulation and order for dismissal with prejudice, all such documents, including copies, shall retain the CONFIDENTIAL designation and must be retained pursuant to ethical

obligations, shall be maintained in strict confidence and not disclosed to any person or entity except as required by law or court order..

14. Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

[Remainder of the page left intentionally blank]

[Signatures on the next page]

15. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

16. This Order shall take effect when entered and shall be immediately binding upon the parties (as defined herein).

**IT IS SO STIPULATED.**

DATED 18th of July, 2025.
**DE CASTROVERDE LAW GROUP**

/s/Ryan Samano
ALEX DE CASTROVERDE
Nevada Bar No. 6950
ORLANDO DE CASTROVERDE
Nevada Bar No. 7320
RYAN SAMANO
Nevada Bar No. 15995
1149 South Maryland Pkwy
Las Vegas, NV 89104
(702) 222-999
ryan@dlgteam.com
*Attorneys for Plaintiff*

DATED this 18th of July, 2025.
**HALL & EVANS, LLC**

/s/Kurt R. Bonds
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
AARON D. CUELLAR, ESQ.
Nevada Bar No. 16835
1160 North Town Center Drive
Suite 330
Las Vegas, Nevada 89144
(702) 998-1022
nvefile@hallevans.com
*Attorneys for Defendants
Dollar Tree Stores, Inc.*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Date: July 18, 2025